IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ducere LLC, <br><br> Plaintiff, <br><br> v. <br><br> Enbridge (U.S.) Inc., <br><br> Defendant. | Case No.: 1:24-cv-01217 |

**DEFENDANT ENBRIDGE (U.S.) INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

Defendant Enbridge (U.S.) Inc. ("Enbridge"), by and through its undersigned counsel, respectfully submits this Reply in support of its Motion to Stay Discovery Pending Resolution of Motion to Dismiss ("Motion," Dkt. 59). In support, Enbridge states as follows:

**I.      INTRODUCTION**

Plaintiff's Opposition does nothing to undermine the conclusion that Enbridge has satisfied each of the three factors courts examine when determining whether to grant stays of discovery pending the resolution of a motion to dismiss.

*First*, Plaintiff fails to demonstrate that it would be prejudiced by a stay of discovery. Rather, Plaintiff only argues that a stay of discovery would delay its supposed entry into the alleged market. But Plaintiff's supposed market entry is speculative at best, and, in any event, is not the type of "prejudice" that courts consider when ruling on a motion to stay discovery. *Second*, Plaintiff concedes that Enbridge's pending Motion to Dismiss (Dkt. 49) challenges the sufficiency of its Amended Complaint and would dispose of the entire proceedings. This concession supports Enbridge's position that a stay would simplify the issues. *Third*, Plaintiff does not—and cannot— seriously dispute that staying discovery would lessen the burden on the Parties and the Court.

1

Plaintiff disingenuously argues that its discovery requests were sufficiently targeted, but even a cursory look reveals that they are overly broad and not proportional to the needs of the case, as Plaintiff seeks discovery in the United States and Canada, spanning a 14-year period, on topics wholly unrelated to the claims at issue.

Because ample good cause exists to support a stay of discovery pending resolution of Enbridge's Motion to Dismiss, this Court should grant Enbridge's Motion.

## II. ARGUMENT

As argued in the Motion, courts frequently stay discovery pending the resolution of a motion to dismiss in antitrust cases. Mot. at 5-6; *see, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); *Coss v. Playtex Prods., LLC*, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011); *In re Graphics Processing Units Antitrust Litigation*, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007). Tellingly, Plaintiff does not even attempt to dispute or otherwise engage with this critical point.

After agreeing that courts routinely examine three factors[1] when deciding whether to grant a motion to stay discovery, Plaintiff summarily claims that "all three factors weigh against staying discovery." Opp'n at 4. Plaintiff is wrong. For the reasons discussed below, all three factors favor Enbridge's position that good cause exists to support a stay of discovery pending resolution of its Motion to Dismiss.

---

[1] Courts typically consider the following three factors: "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Liggins v. Reicks*, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021).

2

A.     **Plaintiff Demonstrates No Prejudice**

Plaintiff argues that it would be prejudiced by a stay of discovery because it "seeks to enter the Canadian crude oil transportation market," and "[t]he only way to accomplish this goal and reduce prices for consumers is for this case to be resolved." *Id.* This argument has no basis in reality and is entirely irrelevant to the issue of prejudice. Even if this case gets resolved faster, Plaintiff would still not be able to compete in the alleged "Canadian crude oil transportation market" because Plaintiff's ***proposed*** terminal does not actually exist and Plaintiff does not otherwise compete in the supposed market. Moreover, when evaluating the "prejudice" factor of a motion to stay, courts are concerned about whether the stay would "tactically disadvantage the non-moving party" in the litigation. *Omnireps, LLC v. CDW Corp.*, 2024 WL 2052069, at *2 (N.D. Ill. May 8, 2024). Plaintiff does not—and cannot—contend that its delayed entry into the alleged relevant market amounts to a tactical disadvantage in this litigation, so Plaintiff's argument is entirely unavailing.

Plaintiff also claims that because witness testimony "will be key to proving its case," a stay would negatively affect its ability to gather evidence because "memories may fade." Opp'n at 4. But there is no basis supporting this speculative claim that a short discovery stay would have any impact whatsoever on unknown witnesses' memories. And a "mere delay in [P]laintiff's ability to proceed to discovery"—which is inherent to every stay—"amounts to little, if any, prejudice." *Omnireps*, 2024 WL 2052069, at *2. Further, as argued in the Motion, Enbridge is well aware of its evidence preservation obligations. *See* Mot. at 7.

Because Plaintiff fails to demonstrate any prejudice that would result from a discovery stay, this factor weighs in favor of granting Enbridge's Motion.

3

### B. Plaintiff Concedes a Stay Would Simplify the Issues

Plaintiff next argues that "staying discovery would not simplify the case" because the Motion to Dismiss (Dkt. 49) challenges "the sufficiency of the Complaint's allegations," rather than solely focusing on "jurisdictional issues." Opp'n at 4. This is a red herring. Raising a jurisdictional issue is not a prerequisite for a court to grant a preliminary discovery stay pending the outcome of a motion to dismiss. Indeed, as set forth in Enbridge's Motion, courts routinely grant discovery stays pending the outcome of motions to dismiss that attack the sufficiency of plaintiffs' antitrust allegations. *See* Mot. at 7–8; *In re Manufactured Home Lot Rents Antitrust Litigation*, No. 23-cv-06715 (N.D. Ill.), Dkt. 175 (order granting motion to stay discovery). Not surprisingly, Plaintiff never even bothers to distinguish those cases.

In any event, Plaintiff's concession that the pending Motion to Dismiss would dispose of the entire proceeding actually supports Enbridge's position. *See* Mot. at 7. And contrary to Plaintiff's assertion, the Court need not "delve into the merits of Enbridge's motion to dismiss" (Opp'n at 4) because the sheer fact that "the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted" is sufficient to weigh in favor of a stay. *Liggins*, 2021 WL 2853359, at *3. Because Plaintiff concedes that a stay would simplify the issues given the pending, case-dispositive Motion to Dismiss, this factor also weighs in favor of a discovery stay.

### C. Plaintiff Fails to Dispute that a Stay Would Lessen the Burden on the Parties and the Court

Finally, Plaintiff argues that staying discovery "would only minimally reduce the burden on the parties and the court" because it served targeted discovery on Enbridge. Opp'n at 5. Not so. Plaintiff's discovery requests are anything but targeted, as Plaintiff has requested more than 14 years' worth of documents related to ***all*** crude oil pipelines that Enbridge owns, in whole or in part—not just the pipeline at issue in this case—across the United States and Canada (*see* Dkt. 48,

4

Joint Status Report at 7). The discovery requests are plainly overbroad and not proportional to the needs of the case. Moreover, requiring Enbridge to carry the burden and expense of collecting and producing documents related to claims that primarily concern a third party—Mustang Pipe Line LLC—would be unduly burdensome.

Additionally, a stay would not only alleviate any undue burden on Enbridge, but it would also promote judicial economy. Because Plaintiff served discovery on Enbridge that is clearly overbroad and unduly burdensome, the Court would likely have to resolve discovery disputes regarding Plaintiff's requests, whereas a discovery stay would alleviate this burden. The more efficient approach would be for the Parties to begin negotiating an ESI protocol and confidentiality order so that both are in place in the event Enbridge's Motion to Dismiss is denied and the case proceeds to discovery.

For these reasons, a stay would clearly lessen the burden on the Parties and the Court, which also supports a stay of discovery.

### III. CONCLUSION

WHEREFORE, Enbridge respectfully requests the Court stay discovery pending resolution of its Motion to Dismiss.

Dated: September 4, 2024

Respectfully submitted,

/s/ James F. Herbison
James F. Herbison
Michael P. Mayer
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
jherbiso@winston.com
mmayer@winston.com

*Counsel for Defendant Enbridge (U.S.) Inc.*

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on September 4, 2024, the foregoing **Reply In Support of Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss** was filed electronically with the Clerk of Court using the CM/ECF system. Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system.

Dated: September 4, 2024                By:  */s/ James F. Herbison*

*Counsel for Defendant Enbridge (U.S.) Inc.*